JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY JORDAN, individually, an on behalf of himself and all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NCI GROUP, INC., a Nevada Corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 5:16-cv-01701-JVS-SP<br><br>**PAGA ACTION**<br><br>**JUDGMENT**<br><br>The Honorable James V. Selna<br><br>**Courtroom; 10C** |

37105664.1

[PROPOSED] JUDGMENT
CASE NO.16-CV-01701-JVS-SP

The Court, having considered the joint request of Plaintiff Anthony Jordan ("Plaintiff" or "PAGA Representative") and NCI Group, Inc. ("Defendant") for approval of the Stipulation re: Settlement of Representative Action ("Settlement"), the Settlement Agreement and the exhibits thereto, and the record in this Action; and for good cause appearing,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

**I.** All defined terms contained herein shall have the same meaning as set forth in the Stipulation re: Settlement of Representative Action ("Settlement"). The Labor Code Private Attorneys General Act, codified at California Labor Code section 2698 *et seq.* is referred to herein as "PAGA".

**II.** In accordance with the Settlement which the Court has reviewed, approved, and found fair, just, reasonable and adequate for the reasons set forth in the Court's Order dated January 5, 2018, and with no objection received from the LWDA: Penalties in the amount of $150,000.00 in the aggregate are to be paid by Defendant and allocated as follows: (i) 75 percent (*i.e.*, $112,500) to the California Labor Workforce Development Agency ("LWDA"), and 25 percent (*i.e.*, $37,500) to the PAGA Representative. Defendant shall make the payments to the LWDA, the PAGA Representative, and Plaintiff's counsel within the time frame set forth in the Settlement.

**III.** In addition to the payments set forth in Paragraph II, for the reasons set forth in the Court's Order dated January 5, 2018, Defendant shall pay to Plaintiff's counsel the sum of $100,000.00 for costs and as reasonable attorney's fees in connection with prosecuting the Resolved Claims.

**IV.** No party shall be deemed a prevailing party, and except as provided in this Paragraph, all parties shall bear their own attorneys' fees and litigation costs. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement.

**V.** All of the Resolved Claims are deemed adjudicated and extinguished with prejudice as to the PAGA Representative, all other Aggrieved Employees, and the State of California.

**VI.** This Judgment shall be binding on Defendant, the PAGA Representative, the State of California, and all other Aggrieved Employees, who are hereby barred by the doctrine of res judicata from re-litigating the Resolved Claims. *See Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) (holding that a judgment in a representative action brought by an aggrieved employee under PAGA is binding not only on the named employee plaintiff but also on state labor law enforcement agencies and any aggrieved employee not a party to the proceeding).

**VII.** The Court finds that, under California law (which is applicable here), class action procedural rules do not apply to representative PAGA actions that do not involve putative class claims, such as the Litigation. (See *Arias v. Superior Court* (2009) 46 Cal.4th 969.) Therefore, the Court finds that the notice requirements and other procedures applicable to class action settlements do not apply to the settlement approval process for the Litigation.

**VIII.** The Court further finds that notice of the Settlement has been provided to the LWDA as required by PAGA and Labor Code section 2699, subdivision (*l*)(2), in particular.

**IX.** Any request to intervene in this Action and/or the parties' Settlement that is filed after the date this Judgment is entered shall be and hereby is deemed untimely.

**X.** Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Resolved Claims, or of any wrongdoing or liability of the Defendant Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant Releasees, or any of them, in any civil, criminal or

administrative proceeding in any court, administrative agency or other tribunal. Defendant or any of the Defendant Releasees may file the Settlement and/or the Judgment from this Litigation in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**IT IS SO ORDERED AND ADJUDGED.**

DATED: February 14, 2018

_____
The Honorable James V. Selna
United States District Court Judge